**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____:
ATLAS DATA PRIVACY CORPORATION, et al.:
                                          :    **CIVIL ACTION**
          v.                              :    **NO. 24-3993**
                                          :
BLACKBAUD, INC., et al.                   :
_____:_____
                                          :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                          :    **CIVIL ACTION**
          v.                              :    **NO. 24-3998**
                                          :
WHITEPAGES, INC., et al.                  :
_____:_____
                                          :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                          :    **CIVIL ACTION**
          v.                              :    **NO. 24-4000**
                                          :
HIYA, INC., et al.                        :
_____:_____
                                          :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                          :    **CIVIL ACTION**
          v.                              :    **NO. 24-4037**
                                          :
WE INFORM, LLC                            :
_____


                         - - -

                   **STATUS CONFERENCE**

                         - - -




        **Sharon Ricci, CRR, RMR, Official Court Reporter**
             **Sharon.Ricci.usdcnj@gmail.com**
                    **(267) 249-8780**

    **Proceedings recorded by mechanical stenography; transcript**
         **produced by computer-aided transcription.**

```
_____
                              :
ATLAS DATA PRIVACY CORPORATION, et al.:
                              :   CIVIL ACTION
        v.                    :   NO. 24-4041
                              :
INFOMATICS, LLC, et al.       :
                              :
_____:_____
                              :
ATLAS DATA PRIVACY CORPORATION, et al.:
                              :   CIVIL ACTION
        v.                    :   NO. 24-4045
                              :
THE PEOPLE SEARCHERS, LLC, et al.  :
_____:_____
                              :
ATLAS DATA PRIVACY CORPORATION, et al.:
                              :   CIVIL ACTION
        v.                    :   NO. 24-4073
                              :
COMMERCIAL REAL ESTATE EXCHANGE, INC.,:
et al.                        :
_____:_____
                              :
ATLAS DATA PRIVACY CORPORATION, et al.:
                              :   CIVIL ACTION
        v.                    :   NO. 24-4075
                              :
DM GROUP, INC., et al.        :
                              :
_____:_____
                              :
ATLAS DATA PRIVACY CORPORATION, et al.:
                              :   CIVIL ACTION
        v.                    :   NO. 24-4077
                              :
CARCO GROUP INC., et al.      :
                              :
_____:_____
                              :
ATLAS DATA PRIVACY CORPORATION, et al.:
                              :   CIVIL ACTION
        v.                    :   NO. 24-4080
                              :
DELUXE CORPORATION, et al.    :
_____
```

*United States District Court*
*District of New Jersey*

```
_____
                                :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                :    CIVIL ACTION
        v.                      :    NO. 24-4095
                                :
TWILIO INC., et al.             :
                                :
                                :
_____:
                                :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                :    CIVIL ACTION
        v.                      :    NO. 24-4096
                                :
DELVEPOINT, LLC, et al.         :
                                :
_____:
                                :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                :    CIVIL ACTION
        v.                      :    NO. 24-4098
                                :
QUANTARIUM ALLIANCE, LLC, et al. :
                                :
_____:
                                :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                :    CIVIL ACTION
        v.                      :    NO. 24-4103
                                :
YARDI SYSTEMS, INC., et al.     :
                                :
                                :
_____:
                                :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                :    CIVIL ACTION
        v.                      :    NO. 24-4104
                                :
6SENSE INSIGHTS, INC., et al.   :
                                :
_____:
                                :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                :    CIVIL ACTION
        v.                      :    NO. 24-4105
                                :
LIGHTBOX PARENT, L.P., et al.   :
                                :
_____
```

*United States District Court*
*District of New Jersey*

```
_____
                                        :
ATLAS DATA PRIVACY CORPORATION, et al.  :
                                        :  CIVIL ACTION
        v.                              :  NO. 24-4106
                                        :
SEARCH QUARRY, LLC, et al.              :
                                        :
                                        :
_____
                                        :
ATLAS DATA PRIVACY CORPORATION, et al.  :
                                        :  CIVIL ACTION
        v.                              :  NO. 24-4107
                                        :
ACXIOM, LLC, et al.                     :
                                        :
_____
                                        :
ATLAS DATA PRIVACY CORPORATION, et al.  :
                                        :  CIVIL ACTION
        v.                              :  NO. 24-4110
                                        :
ENFORMION, LLC, et al.                  :
                                        :
_____
                                        :
ATLAS DATA PRIVACY CORPORATION, et al.  :
                                        :  CIVIL ACTION
        v.                              :  NO. 24-4111
                                        :
COSTAR GROUP, INC., et al.              :
                                        :
                                        :
_____
                                        :
ATLAS DATA PRIVACY CORPORATION, et al.  :
                                        :  CIVIL ACTION
        v.                              :  NO. 24-4112
                                        :
ORACLE INTERNATIONAL CORPORATION, et    :
al.                                     :
                                        :
_____
                                        :
ATLAS DATA PRIVACY CORPORATION, et al.  :
                                        :  CIVIL ACTION
        v.                              :  NO. 24-4113
                                        :
RED VIOLET, INC., et al.                :
_____
```

*United States District Court*
*District of New Jersey*

```
1  _____
                                      :
2  ATLAS DATA PRIVACY CORPORATION, et al.:
                                      :    CIVIL ACTION
3            v.                       :    NO. 24-4114
                                      :
4  RE/MAX, LLC, et al.                :
                                      :
5                                     :
   _____:
6                                     :
   ATLAS DATA PRIVACY CORPORATION, et al.:
7                                     :    CIVIL ACTION
             v.                       :    NO. 24-4141
8                                     :
   DIGITAL SAFETY PRODUCTS, LLC, et al. :
9                                     :
   _____:
10                                    :
   ATLAS DATA PRIVACY CORPORATION, et al.:
11                                    :    CIVIL ACTION
             v.                       :    NO. 24-4143
12                                    :
   CIVIL DATA RESEARCH                :
13                                    :
   _____:
14                                    :
   ATLAS DATA PRIVACY CORPORATION, et al.:
15                                    :    CIVIL ACTION
             v.                       :    NO. 24-4160
16                                    :
   SCALABLE COMMERCE, LLC, et al.     :
17                                    :
                                      :
18 _____:
   ATLAS DATA PRIVACY CORPORATION, et al.:
19                                    :    CIVIL ACTION
             v.                       :    NO. 24-4168
20                                    :
   EPSILON DATA MANAGEMENT, LLC, et al. :
21                                    :
   _____:
22                                    :
   ATLAS DATA PRIVACY CORPORATION, et al.:
23                                    :    CIVIL ACTION
             v.                       :    NO. 24-4171
24                                    :
   PEOPLE DATA LABS, INC., et al.     :
25                                    _____
```

*United States District Court*
*District of New Jersey*

```
_____
                                        :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                        :   CIVIL ACTION
         v.                             :    NO. 24-4174
                                        :
LABELS & LISTS, INC.                    :
                                        :
_____
                                        :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                        :   CIVIL ACTION
         v.                             :    NO. 24-4175
                                        :
CLARITAS, LLC, et al.                   :
                                        :
_____
                                        :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                        :   CIVIL ACTION
         v.                             :    NO. 24-4176
                                        :
INNOVIS DATA SOLUTIONS INC., et al.     :
                                        :
_____
                                        :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                        :   CIVIL ACTION
         v.                             :    NO. 24-4178
                                        :
ACCURATE APPEND, INC., et al.           :
                                        :
_____
                                        :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                        :   CIVIL ACTION
         v.                             :    NO. 24-4181
                                        :
DATA AXLE, INC., et al.                 :
                                        :
_____
                                        :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                        :   CIVIL ACTION
         v.                             :    NO. 24-4182
                                        :
REMINE INC., et al.                     :
_____
_____
```

*United States District Court*
*District of New Jersey*

```
 1  _____
                                      :
 2  ATLAS DATA PRIVACY CORPORATION, et al.:  CIVIL ACTION
                                      :       NO. 24-4184
 3          v.                        :
                                      :
 4  LUSHA SYSTEMS, INC., et al.       :
                                      :
 5  _____:_____
                                      :
 6  ATLAS DATA PRIVACY CORPORATION, et al.:
                                      :       CIVIL ACTION
 7          v.                        :       NO. 24-4217
                                      :
 8  TELTECH SYSTEMS, INC., et al.     :
                                      :
 9  _____:_____
                                      :
10  ATLAS DATA PRIVACY CORPORATION, et al.:
                                      :       CIVIL ACTION
11          v.                        :       NO. 24-4227
                                      :
12  PEOPLECONNECT, INC., et al.       :
                                      :
13  _____:_____
                                      :
14  ATLAS DATA PRIVACY CORPORATION, et al.:
                                      :       CIVIL ACTION
15          v.                        :       NO. 24-4230
                                      :
16  CORELOGIC, INC., et al.           :
                                      :
17  _____:_____
                                      :
18  ATLAS DATA PRIVACY CORPORATION, et al.:
                                      :       CIVIL ACTION
19          v.                        :       NO. 24-4233
                                      :
20  BLACK KNIGHT TECHNOLOGIES, LLC, et al.:
                                      :
21  _____:_____
                                      :
22  ATLAS DATA PRIVACY CORPORATION, et al.:
                                      :       CIVIL ACTION
23          v.                        :       NO. 24-4256
                                      :
24  ZILLOW, INC., et al.              :
                                      :
25  _____
```

```
1
_____
2                                            :
   ATLAS DATA PRIVACY CORPORATION, et al.:
3                                            :    CIVIL ACTION
          v.                                 :    NO. 24-4261
4                                            :
   EQUIMINE, INC., et al.                    :
5                                            :
                                             :
6  _____
                                             :
7  ATLAS DATA PRIVACY CORPORATION, et al.:
                                             :    CIVIL ACTION
8         v.                                 :    NO. 24-4269
                                             :
   THOMSON REUTERS CORPORATION, et al.       :
9                                            :
10 _____
                                             :
11 ATLAS DATA PRIVACY CORPORATION, et al.:
                                             :    CIVIL ACTION
12        v.                                 :    NO. 24-4271
                                             :
   CHOREOGRAPH LLC, et al.                    :
13                                           :
14 _____
                                             :
15 ATLAS DATA PRIVACY CORPORATION, et al.:
                                             :    CIVIL ACTION
16        v.                                 :    NO. 24-4288
                                             :
   TRANSUNION, LLC, et al.                    :
17                                           :
18 _____
                                             :
19 ATLAS DATA PRIVACY CORPORATION, et al.:
                                             :    CIVIL ACTION
20        v.                                 :    NO. 24-4292
                                             :
   MELISSA DATA CORP., et al.                 :
21                                           :
22 _____
                                             :
23 ATLAS DATA PRIVACY CORPORATION, et al.:
                                             :    CIVIL ACTION
24        v.                                 :    NO. 24-4298
                                             :
   EQUIFAX INC., et al.                       :
25 _____
```

```
 1  _____
                                      :
 2  ATLAS DATA PRIVACY CORPORATION, et al.:
                                      :     CIVIL ACTION
 3              v.                     :     NO. 24-4299
                                      :
 4  SPOKEO, INC., et al.              :
                                      :
 5                                    :
    _____
 6                                    :
    ATLAS DATA PRIVACY CORPORATION, et al.:
 7                                    :     CIVIL ACTION
                v.                    :     NO. 24-4324
 8                                    :
    RESTORATION OF AMERICA, et al.    :
 9                                    :
    _____
10                                    :
    ATLAS DATA PRIVACY CORPORATION, et al.:
11                                    :     CIVIL ACTION
                v.                    :     NO. 24-4345
12                                    :
    i360, LLC, et al.                 :
13                                    :
    _____
14                                    :
    ATLAS DATA PRIVACY CORPORATION, et al.:
15                                    :     CIVIL ACTION
                v.                    :     NO. 24-4354
16                                    :
    TELNYX LLC, et al.                :
17                                    :
    _____
18                                    :
    ATLAS DATA PRIVACY CORPORATION, et al.:
19                                    :     CIVIL ACTION
                v.                    :     NO. 24-4380
20                                    :
    GOHUNT, LLC, et al.               :
21                                    :
    _____
22                                    :
    ATLAS DATA PRIVACY CORPORATION, et al.:
23                                    :     CIVIL ACTION
                v.                    :     NO. 24-4383
24                                    :
    ACCUZIP, INC., et al.             :
25                                    :
    _____
```

*United States District Court*
*District of New Jersey*

```
1  _____
                                  :
2  ATLAS DATA PRIVACY CORPORATION, et al.:
                                  :     CIVIL ACTION
3          v.                     :     NO. 24-4385
                                  :
4  SYNAPTIX TECHNOLOGY, LLC, et al.:
                                  :
5                                 :
   _____
6                                 :
   ATLAS DATA PRIVACY CORPORATION, et al.:
7                                 :     CIVIL ACTION
           v.                     :     NO. 24-4389
8                                 :
   JOY ROCKWELL ENTERPRISES, INC., et al.:
9                                 :
   _____
10                                :
   ATLAS DATA PRIVACY CORPORATION, et al.:
11                                :     CIVIL ACTION
           v.                     :     NO. 24-4390
12                                :
   FORTNOFF FINANCIAL, LLC, et al.:
13                                :
   _____
14                                :
   ATLAS DATA PRIVACY CORPORATION, et al.:
15                                :     CIVIL ACTION
           v.                     :     NO. 24-4392
16                                :
   MYHERITAGE, LTD., et al.       :
17                                :
   _____
18                                :
   ATLAS DATA PRIVACY CORPORATION, et al.:
19                                :     CIVIL ACTION
           v.                     :     NO. 24-4434
20                                :
   E-MERGES.COM, INC.             :
21                                :
   _____
22                                :
   ATLAS DATA PRIVACY CORPORATION, et al.:
23                                :     CIVIL ACTION
           v.                     :     NO. 24-4442
24                                :
   WILAND, INC., et al.           :
25 _____
   _____
```

*United States District Court*
*District of New Jersey*

```
_____:
ATLAS DATA PRIVACY CORPORATION, et al.:    CIVIL ACTION
                                         :     NO. 24-4447
         v.                              :
                                         :
ATDATA, LLC, et al.                      :
                                         :
_____:_____
                                         :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                         :    CIVIL ACTION
         v.                              :     NO. 24-4566
                                         :
LEXISNEXIS RISK DATA MANAGEMENT, LLC,    :
et al.                                   :
_____:_____
                                         :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                         :    CIVIL ACTION
         v.                              :     NO. 24-4571
                                         :
PRECISELY HOLDINGS, LLC, et al.          :
                                         :
_____:_____
                                         :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                         :    CIVIL ACTION
         v.                              :     NO. 24-4609
                                         :
NUWBER, INC., et al.                     :
                                         :
_____:_____
                                         :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                         :    CIVIL ACTION
         v.                              :     NO. 24-4664
                                         :
ROCKETREACH LLC, et al.                  :
                                         :
_____:_____
                                         :
ATLAS DATA PRIVACY CORPORATION, et al.:
                                         :    CIVIL ACTION
         v.                              :     NO. 24-4696
                                         :
OUTSIDE INTERACTIVE, INC.                :
_____
```

*United States District Court*
*District of New Jersey*

```
1  _____
                                  :
2  ATLAS DATA PRIVACY CORPORATION, et al.:
                                  :  CIVIL ACTION
3           v.                    :  NO. 24-4770
                                  :
4  VALASSIS DIGITAL CORP., et al. :
                                  :
5  _____
                                  :
6  ATLAS DATA PRIVACY CORPORATION, et al.:
                                  :  CIVIL ACTION
7           v.                    :  NO. 24-4850
                                  :
8  THE LIFETIME VALUE CO. LLC, et al. :
                                  :
9  _____
                                  :
10 ATLAS DATA PRIVACY CORPORATION, et al.:
                                  :  CIVIL ACTION
11          v.                    :  NO. 24-4949
                                  :
12 BELLES CAMP COMMUNICATIONS, INC., et :
   al.                            :
13 _____
                                  :
14 ATLAS DATA PRIVACY CORPORATION, et al.:
                                  :  CIVIL ACTION
15          v.                    :  NO. 24-5334
                                  :
16 FIRST AMERICAN FINANCIAL CORPORATION, :
   et al.                         :
17 _____
                                  :
18 ATLAS DATA PRIVACY CORPORATION, et al.:
                                  :  CIVIL ACTION
19          v.                    :  NO. 24-5600
                                  :
20 PROPERTYRADAR, INC., et al.    :
                                  :
21 _____
                                  :
   ATLAS DATA PRIVACY CORPORATION, et al.:
                                  :  CIVIL ACTION
22          v.                    :  NO. 24-5656
                                  :
23 THE ALESCO GROUP, L.L.C.       :
                                  :
24 _____

25
```

```
 1  _____
                                        :
 2  ATLAS DATA PRIVACY CORPORATION, et al.:
                                        :    CIVIL ACTION
 3           v.                         :     NO. 24-5658
                                        :
 4  SEARCHBUG, INC.                     :
                                        :
 5  _____:_____
                                        :
 6  ATLAS DATA PRIVACY CORPORATION, et al.:
                                        :    CIVIL ACTION
 7           v.                         :     NO. 24-5775
                                        :
 8  AMERILIST, INC., et al.             :
                                        :
 9  _____
                                        :
10  ATLAS DATA PRIVACY CORPORATION, et al.:
                                        :    CIVIL ACTION
11           v.                         :     NO. 24-7324
                                        :
12  US DATA CORPORATION                 :
                                        :
13  _____:_____
                                        :
14  ATLAS DATA PRIVACY CORPORATION, et al.:
                                        :    CIVIL ACTION
15           v.                         :     NO. 24-8075
                                        :
16  SMARTY LLC, et al.                  :
                                        :
17  _____

18       Mitchell H. Cohen Building & U.S. Courthouse
         4th & Cooper Streets
19       Camden, New Jersey 08101
         October 3, 2024
20       Commencing at 1:28 p.m.

21

22  B E F O R E:        THE HONORABLE HARVEY BARTLE, III,
                        UNITED STATES DISTRICT JUDGE
23

24

25
```

United States District Court
District of New Jersey

**A P P E A R A N C E S:**

    BOIES SCHILLER FLEXNER LLP
    BY: ADAM R. SHAW, ESQUIRE
    30 South Pearl Street, 12th Floor
    Albany, New York 12207
    For the Plaintiffs


    PEM LAW LLP
    BY: RAJIV D. PARIKH, ESQUIRE
    1 Boland Drive, Suite 101
    West Orange, New Jersey 07052
    For the Plaintiffs


    TROUTMAN PEPPER HAMILTON SANDERS LLP
    BY: ANGELO A. STIO III, ESQUIRE
    BY: MELISSA A. CHUDEREWICZ, ESQUIRE
    301 Carnegie Center, Suite 400
    Princeton, New Jersey 08543
    For the Defendants CARCO Group Inc.; Acxiom, LLC; AtData,
    LLC; Deluxe Corporation; DM Group, Inc.; Enformion, LLC;
    Red Violet, Inc.; Remine Inc.; RocketReach LLC; CoreLogic
    Inc.


    LOWENSTEIN SANDLER LLP
    BY: GAVIN J. ROONEY, ESQUIRE
    One Lowenstein Drive
    Roseland, New Jersey 07068
    For the Defendant LexisNexis Risk Data Management, LLC


    MONTGOMERY MCCRAKEN WALKER & RHOADS
    BY: ALEXANDRA S. JACOBS, ESQUIRE
    457 Haddonfield Road, Suite 600
    Cherry Hill, NJ 08002
    For the Defendant First American Financial Corporation


    SAUL EWING LLP
    BY: WILLIAM C. BATON, ESQUIRE
    1037 Raymond Boulevard, Suite 1520
    Newark, NJ 07102
    For the Defendant Precisely Holdings LLC and
    Valassis Digital Corporation

**APPEARANCES CONTINUED:**

```
    MCCARTER & ENGLISH LLP
    BY:  RYAN SAVERCOOL, Esquire
    Four Gateway Center
    100 Mulberry Street
    Newark, NJ 07102
    For the Defendant The Lifetime Value Co.


    TRESSLER LLP
    BY:  GEORGE ZACHARY TWILL, Esquire
    163 Madison Avenue, Suite 404
    Morristown, NJ 07960
    For the Defendant Data Axle, Inc.


    BUCHANAN INGERSOLL & ROONEY PC
    BY:  SAMANTHA L. SOUTHALL, ESQUIRE
    50 S. 16th Street, Suite 3200
    Philadelphia, PA 19102
    For the Defendant TransUnion


    KELLEY DRYE & WARREN LLP
    BY:  AARON J. GOLD, ESQUIRE
    3 World Trade Center
    175 Greenwich Street
    New York, NY 10007
    For the Defendant RE/MAX LLC


    FAEGRE DRINKER BIDDLE & REATH LLP
    BY:  KEVIN DEMAIO, ESQUIRE
    600 Campus Drive
    Florham Park, NJ 07932
    For the Defendant Epsilon Data Management, LLC;
    Conversant LLC; and Citrus Ad International, Inc.
```

**A L S O   P R E S E N T :**

```
    Larry Macstravic, Courtroom Deputy


                            -  -  -
```

1                    (Proceedings held in open court before The

2     Honorable Harvey Bartle, III, United States District

3     Judge, at 1:28 p.m.)

4                    THE COURTROOM DEPUTY:  All rise.

5                    THE COURT:  Good afternoon.  You may be seated.

6     The crowd has disappeared.

7                    (Laughter.)

8                    THE COURT:  We're here this afternoon on the

9     Daniel's Law cases to deal with the September 27, 2024,

10    letter which I received from Mr. Stio on behalf of some of

11    the defendants, and the response which I've received on

12    September 30th from Mr. Parikh.

13                   I think I'll just preface the conference today by

14    saying what I think the issue is.  My understanding is

15    that the plaintiff or Atlas and those it represents intend

16    to file a second wave of lawsuits, and that counsel for

17    Atlas has advised the defendants that it's coming, and

18    that the plaintiff, Atlas, is willing to provide I think a

19    spreadsheet which will contain the names, addresses, and I

20    assume unlisted phone numbers of those individuals who

21    will seek a takedown of information.

22                   So in other words, the defendants will have

23    advanced notice before the ten days begin to run, but that

24    there's a caveat with the production of the spreadsheet in

25    that it will only be produced if the defendants agreeing

1    not to use that information in the upcoming lawsuits and

2    that they would be bound by Rule 408 of the Federal Rules

3    of Evidence and that it would be deemed to be confidential

4    information.

5          Now, one of the troubling aspects about this is

6    that I'm not sure I have any say about it at this point

7    because the lawsuits haven't been filed.  On the other

8    hand, I really don't understand what the issue is with

9    Rule 408.  By its terms, it's limited to, it seems to me,

10    information about the compromise of the suit.

11          In other words, if the defendant offers plaintiff

12    $100,000 in settlement and the case doesn't settle, the

13    plaintiffs' attorney cannot go in and tell the jury that

14    the defendant offered $100,000, so they can't come in and

15    argue to you that there's no liability, that we're totally

16    innocent, that we didn't do anything wrong.  And I think

17    that's the purpose of Rule 408.

18          So I'm just unclear how the defendants also would

19    use the information.  I mean, if they get a spreadsheet of

20    the names, I can't imagine they're going to go out and

21    just make all that information public.  So anyway, that's

22    just a prefatory remark.

23          So, Mr. Stio, I'll let you fill in the gaps here

24    or correct any errors that I have an understanding of

25    what's going on, and then I'll hear from Mr. Shaw and Mr.

 1    Parikh.

 2            MR. STIO:  Thank you, Your Honor.  And thank you

 3    for the prefatory remarks in framing the issues.

 4            A couple things.  Atlas sends an email and the

 5    email indicated that a second wave of notices for takedown

 6    requests were going to be sent out.

 7            THE COURT:  Right.

 8            MR. STIO:  And those notices, they said they

 9    expect compliance with the notices; and if there isn't

10    compliance, they said we will seek to include the

11    additional violations in these cases.  They weren't going

12    to file new cases, but they were going to seek to include

13    the additional violations in these cases.

14            And in Atlas's September 30th letter --

15            THE COURT:  Let me see if I -- in other words, it

16    would be the same un -- I'll call them unnamed plaintiffs

17    just for lack of a term.  You have Atlas in these lawsuits

18    and in some cases you have named plaintiffs, eight or ten

19    or whatever the number is, and then you have 19,000

20    others.

21            Now, is your understanding -- and maybe we'll

22    hear better from Atlas counsel.

23            So these same 19,000 are going to send you a

24    second notice?

25            MR. STIO:  No, not -- I don't know exactly, but

1    in their letter of September 30th, they acknowledge that

2    these notices -- not all of them, but a group of them are

3    going to be sent by the same covered persons who are part

4    of this other 19,000.

5          So when you talked about jurisdiction --

6          THE COURT:  Other 19 -- part of the 19,000?

7          MR. STIO:  Correct, a portion of it.

8          THE COURT:  Yeah.

9          MR. STIO:  So when you talk about jurisdiction, I

10   would submit to the Court the following:  One, their

11   statement that -- in the email that they want to include

12   additional claims in this case, Atlas does --

13         THE COURT:  Cases, plural.

14         MR. STIO:  Cases, correct.

15         And two, Atlas's acknowledgment on September 30th

16   that at least a portion of these second wave are coming

17   from assignors, purported assignors of claims to Atlas

18   that are at issue in this case.

19         So in other words, I'm a police officer, I'm

20   Angelo Stio --

21         THE COURT:  But they've already been assigned,

22   haven't they?  In other words, you have a certain number

23   of individual plaintiffs who haven't assigned claims, so

24   they're bringing them along with Atlas?

25         MR. STIO:  Correct.

1          THE COURT:  And Atlas, my understanding was, is

2    representing that the 19,000 who have assigned claims

3    under the statute to Atlas.

4          MR. STIO:  They have alleged that, yes, Your

5    Honor.

6          THE COURT:  Right.

7          MR. STIO:  But now there's a second wave of

8    notices going out and they have said two things that I

9    think bear on jurisdiction.

10          First, we are going to seek to add these

11    violations in the underlying cases that exist before the

12    Court now; and two, at least a portion of these Wave 2

13    claims are going to be for persons who already assigned

14    the Wave 1 notices to us.  Not all of them, but they do

15    acknowledge that a portion -- I don't know that number.

16          THE COURT:  Right.

17          MR. STIO:  So I would submit to the Court that:

18    A, they are going to seek to try to add them to this case;

19    B, Atlas is a party under the Court's jurisdiction and at

20    least a portion of this Wave 2 involves assignments that

21    are at issue in the pending litigation.

22          In addition, the spreadsheet when it was offered

23    to us was purported to be offered to help with compliance,

24    and there were requirements.  The requirements were

25    confidentiality, treatment as Rule 408, not used for any

1  other purpose except compliance.

2        We wrote back and we said there can't be any

3  waiver of anyone's rights, any defendant, and we need to

4  have these spreadsheets, if in fact they are going to

5  purportedly help compliance, either before or simultaneous

6  with the notices so that it will enhance the ability to

7  meet any ten-day deadline.  We'll voluntarily undertake

8  this.  We don't think we have an obligation, but we will.

9        THE COURT:  Without prejudice to your right to

10  contest --

11        MR. STIO:  Correct.

12        THE COURT:  -- to the constitutionality of the

13  statute, I understand all of --

14        MR. STIO:  Or any defenses.

15        THE COURT:  Right.  Sure.

16        MR. STIO:  So the hang-up here, Your Honor, is

17  twofold.  I think none of the defendants who want these

18  lists have said we're not going to treat it as

19  confidential.  The hang-up is a portion of the defendants

20  that want the list said this really isn't 408.

21        And let me give you an example.  They give us the

22  list purportedly to help compliance.  We rely on the list

23  and we take down a name, and a person says you shouldn't

24  have done that, I wasn't on the list, I don't know where

25  you got this list from.

1          Under their --

2          THE COURT:  Well, in other words --

3          MR. STIO:  -- agreement, we wouldn't be able to

4    defend ourselves.

5          THE COURT:  -- the list is not the official

6    notice.

7          MR. STIO:  They're still going to send the

8    emails, yes.

9          THE COURT:  So it's the official notice which

10   obviously triggers the obligation under the statute.  So

11   what you're saying is that the spreadsheet, which you

12   would get in advance, may not be totally accurate with

13   respect to the takedown?

14         MR. STIO:  I believe them at their word.

15         THE COURT:  No, but you're saying that's a

16   possibility?

17         MR. STIO:  That's a possibility.  And if it is,

18   some of these defendants said how can I agree that I won't

19   use it for any other purpose if I rely on it for

20   suppression and then one of these people come back and say

21   you shouldn't have suppressed it, I lost, you know, my

22   ability to get a job because there was a credit check or I

23   couldn't get a mortgage at a rate I wanted because there

24   was a credit check.

25         A defendant relies on that list.  Under what

```
 1   they're asking for, we couldn't introduce that because we
 2   agreed to no other purpose.
 3          THE COURT:  I guess one worry could be that you
 4   get this list and then before the takedown that
 5   information would be made publicly available.  I mean,
 6   there may be a short time frame.
 7          MR. STIO:  No, we're going to agree to keep it
 8   confidential.
 9          THE COURT:  Okay.
10          MR. STIO:  That's not an issue.
11          THE COURT:  Okay.
12          MR. STIO:  Yeah.  And for at least some of --
13          THE COURT:  So your concern is about the second
14   part, not only just keeping it confidential, but you would
15   be barred from using it for any purpose, similar to a
16   settlement offer?
17          MR. STIO:  Yes, but that's only for a portion.
18          Like, there are still defendants who said, you
19   know what, we'll take our chances, we just want the list
20   to try to enhance --
21          THE COURT:  And they will agree to it?
22          MR. STIO:  They will agree to the 408.
23          THE COURT:  There -- but some won't.
24          MR. STIO:  There's a portion.
25          But the problem we have is the list, if it is
```

1  purportedly for compliance, is useless if they send the

2  notices and then don't give it to us within the ten-day

3  period so that we could actually use it.

4          THE COURT:  I thought they were going to send it

5  to you in advance?

6          MR. STIO:  No.  We asked for it, and they said we

7  really can't agree to that, we don't know when we can do

8  it, we'll try to do it as fast as possible, but we don't

9  know how long it's going to take.

10         THE COURT:  So what's the issue here, that you're

11 not getting it in advance or the 408 issue or both?

12         MR. STIO:  The issue -- so for all of the

13 defendants who wrote the letter, the issue is both.  For a

14 good portion of the defendants, the issue is we'll agree

15 to 408 too, we just want the list, but we need it so that

16 we could use the list to enhance efforts to comply.

17         THE COURT:  So in other words, they want it in

18 advance because they're going to know about it before the

19 notices --

20         MR. STIO:  Not even in advance, just in advance

21 or simultaneous with.

22         What they don't want is Atlas to say this list is

23 for compliance, they send out the notices, and then we get

24 the list 20 days after the notices are sent.  Statute says

25 10 business days.

1          THE COURT:  Right.  But they're under no

2     obligation to do that.

3          MR. STIO:  They absolutely are not.

4          THE COURT:  All they have to do is give you the

5     notice as required under the statute.

6          MR. STIO:  Right.  And we dispute that email

7     notices, which required -- and that's reserved, but I hear

8     you.

9          THE COURT:  Well, just for purposes of -- we're

10    not getting into any other issue, constitutionalities.

11    Under the statute, they give the ten-day notice.

12          And is that done -- does Atlas send those notices

13    or do the 19,000 individuals push their button on their

14    own computers at home and send them?

15          MR. STIO:  I don't have an answer to that, Your

16    Honor, but what I can tell you is when these notices were

17    sent during Wave 1, they were sent mass.  And unless

18    19,000 law enforcement officers coordinated to send

19    hundreds and thousands simultaneously, it was sent out by

20    Atlas, and that's one of the problems.

21          THE COURT:  Right.

22          MR. STIO:  The other problem is, you know, Atlas

23    says, well, we don't represent these people.  Well, yeah,

24    but you made representation that, hey, these notices are

25    coming.  And I do believe that the representation was made

1  in good faith as a professional courtesy, but they have

2  information --

3          THE COURT:  See, my problem is that -- putting

4  aside again the constitutionality, other defenses, it

5  would seem to me -- and I'm going to ask the plaintiffs

6  this -- the object is to obtain compliance.  Their object

7  is to get the names off the internet.  The object is not

8  to file lawsuits.  That's the object.

9          And it seems to me that if they're really

10 interested in that, they would send you the spreadsheets

11 in advance of the running of the clock so that there could

12 be compliance.  Because the aim is not to see how many

13 thousand-dollar damage packages you can collect.

14         I mean --

15         MR. STIO:  I agree with that 100 percent, Your

16 Honor, yes.

17         THE COURT:  So that should be the object that

18 they should have in mind.

19         So it would seem to me if they're actually

20 properly representing their clients, they would send --

21 give the spreadsheets in advance.

22         MR. STIO:  Correct.

23         THE COURT:  But they're under no obligation to do

24 it because the statute doesn't require it.

25         MR. STIO:  That is correct, Your Honor.

```
 1          THE COURT:  Right.  So that's sort of the issue
 2    here.  I don't know that I -- I can't force them to do it.
 3          If they're acting in good faith, it seems to me
 4    they would do it.
 5          MR. STIO:  Understood, Your Honor.
 6          THE COURT:  But there may be logistical problems
 7    and all the rest of it.  I don't know the answer to that.
 8          And what they're apparently doing is adding a
 9    condition to providing these lists, that is the 408
10    situation.
11          MR. STIO:  But there are defendants who will
12    agree to that condition.
13          THE COURT:  I understand.  But not everybody or I
14    wouldn't be here today.  Right?
15          MR. STIO:  Exactly, yes.
16          THE COURT:  All right.  Let me talk to
17    plaintiffs' counsel and see what they have to say.
18          MR. PARIKH:  Thank you, Your Honor.  Rajiv Parikh
19    on behalf of plaintiffs.
20          So, Judge, this is a situation of no good deed
21    goes unpunished, and that's exactly what is happening
22    here.  We as a professional courtesy -- and Your Honor is
23    right, there's no obligation for Atlas to identify for any
24    defendants or any data broker what their plans are.  But
25    as a professional courtesy, and I've said this to Mr. Stio
```

1    and to many of the other lawyers, we didn't want them to

2    find out about additional notices being delivered by Atlas

3    on behalf of new covered people from their clients because

4    we're in active litigation.

5         And so completely separate and apart from

6    litigations, we sent emails to every single one of defense

7    counsel and we said that we are willing to provide the

8    list under these three conditions:  Confidentiality,

9    Rule 408, and that your client agrees to not use it for

10   any purpose other than compliance with Daniel's Law.  And

11   we offered it as a professional courtesy to --

12        THE COURT:  How soon in advance do you --

13        MR. PARIKH:  We wouldn't be able to do it in

14   advance, Judge.  And I think your question is fair.  I

15   want to just clarify two things.  This is not about a

16   second wave of lawsuits.  As Your Honor said, this is

17   about compliance.  Atlas -- and I told this to Mr. Stio

18   last night.  There's no grand plan here to file dozens of

19   new lawsuits or hundreds of new lawsuits on day 11.

20   That's not what happened the first time, that's not what's

21   intended here.

22        THE COURT:  Well, but are you talking about

23   additional covered persons who weren't part of the first

24   wave?

25        MR. PARIKH:  Yes.

```
 1          THE COURT:  You're not talking about adding
 2  claims for covered persons who were involved in the first
 3  wave?
 4          MR. PARIKH:  So there's -- so it's both, Your
 5  Honor.  There's no claims because none of these notices
 6  have been delivered, there's no ripeness, there's no
 7  non-compliance.
 8          THE COURT:  Right.  Just so I understand it,
 9  let's  say you have a police officer in Newark who was
10  part of the 19,000.
11          MR. PARIKH:  Correct.
12          THE COURT:  Now, do you anticipate adding
13  something in addition?  In other words, you said you sent
14  the notice for the police officer in Newark, the ten days
15  is expired and the information has not been redacted.
16          MR. PARIKH:  Right.  So there are -- I'll go
17  through each bucket, Judge.
18          THE COURT:  Yes, just tell me --
19          MR. PARIKH:  Absolutely.  So let me do the
20  easiest bucket first.
21          THE COURT:  Right.
22          MR. PARIKH:  There is a whole group of new people
23  that have never sent notices and they're going to send
24  notices.
25          THE COURT:  And if there's no compliance, we
```

1  would anticipate some new lawsuits.

2          MR. PARIKH:  Right, if there's non-compliance.

3  And we expect compliance, that's what we've said, and we

4  want to aid in compliance, which is why we're offering the

5  list, especially because they've said a list may be

6  helpful here in court.

7          THE COURT:  Okay.

8          MR. PARIKH:  So that's the first bucket.

9          The second bucket is individuals who have

10  assigned claims to Atlas but who may have only sent one

11  redactional request.  So I'll use -- if, for example, I

12  was a police officer in Newark and I sent to, you know, 20

13  of the data brokers that are defendants here that I would

14  like them to remove my home address but I never sent them

15  a notice for my phone number, then I may now want to send

16  a notice for my phone number.

17          THE COURT:  I see.  Or that they -- we have,

18  let's say, 75 cases here and for whatever reason the

19  notice was only sent to 50 --

20          MR. PARIKH:  Correct.

21          THE COURT:  -- so now they want to send it to the

22  additional 25 --

23          MR. PARIKH:  Exactly.

24          THE COURT:  -- so that's what the notice would be

25  so that these individual defendants --

```
 1          MR. PARIKH:  So in that situation, Your Honor --

 2          THE COURT:  So in other words, the 19,000 that

 3   we're talking about, approximately -- I don't know where

 4   that number came from.  But anyway, the 19,000, all 19,000

 5   did not send a notice to all 75 defendants.

 6          MR. PARIKH:  That is correct, Judge.

 7          THE COURT:  Okay.

 8          MR. PARIKH:  And out of that 19,000, all 19,000

 9   did not send a notice for each piece of data that they

10   want redacted --

11          THE COURT:  So some maybe sent -- one possibility

12   would be they sent a notice to all 75 defendants, police

13   officer from Newark, about the home address but didn't say

14   anything about his unlisted phone number?

15          MR. PARIKH:  Correct.

16          THE COURT:  Or it could be that he sent no notice

17   to ten of the defendants and now he wants to have them

18   removed.

19          MR. PARIKH:  That's right.

20          THE COURT:  His name and home address and phone

21   number.  Okay.  Now, I understand.

22          MR. PARIKH:  Right.  And Atlas is a waiting list

23   for its service.  So it wants to open up that waiting list

24   because there is additional covered people who want to use

25   Atlas's services.
```

 1          So that was the offer.  The offer was we expect

 2   this second wave to start getting delivered.  Atlas does

 3   not send these emails, it is the individual first covered

 4   persons that send those emails.

 5          THE COURT:  Do they -- does the police officer

 6   sit in his home in Newark and push a button and send it?

 7   Is that how it --

 8          MR. PARIKH:  Yeah, essentially, Judge.  I think

 9   it's -- you know, it's essentially a -- like an

10   application -- I don't know if it's on a phone or website

11   or both, but they can choose to send it to everybody on a

12   list or they can choose to send --

13          THE COURT:  And you supply the list?

14          MR. PARIKH:  Right.

15          THE COURT:  Atlas supplies the list.

16          MR. PARIKH:  Right, Atlas supplies the list.  Or

17   they can choose who they want to send it to, and they can

18   also choose to use a templated email or they can choose to

19   modify that email.

20          So that the covered person has choice, which is

21   really what this whole case is about -- right? -- at the

22   end of the day.  And then Atlas essentially functions as a

23   mail service.  They deliver the mail.  Just like the

24   postal service would deliver a letter.

25          THE COURT:  So in other words, the police officer

1  sends the information to Atlas, what he wants to redact,

2  and then Atlas is the postman delivering it or does the

3  police officer deliver it directly to the defendants?

4         MR. PARIKH:  Right.  So the police officer,

5  through the Atlas platform, creates an email account with

6  the Atlas platform.  And that is an email account that

7  that police officer, prosecutor, judge can use for

8  whatever purposes they want.

9         THE COURT:  Right.

10         MR. PARIKH:  And so it's from their email

11  account, right, their personal Atlas mail, email account

12  that their notices get sent.  If there's responses -- you

13  know, some folks I'm sure will use it for regular email or

14  just for privacy takedowns or whatever it is that they

15  want.

16         And so it's from that email account that the

17  notice is sent from the police officer to the data

18  broker's email.  The data broker then has ten business

19  days to remove the information.

20         THE COURT:  But how do you know who's going to

21  make a takedown request, how does Atlas, until the

22  individual officer does so?

23         MR. PARIKH:  That's right, Judge.  It's --

24         THE COURT:  In other words, it seems to me you

25  can't really send it in advance until the button is pushed

1  because one officer may never do it.  He may intend to do

2  it, but he, for whatever reason, doesn't.  So you couldn't

3  have that officer on the spreadsheet because he hasn't

4  requested it.

5         MR. PARIKH:  That's correct, Judge.  And so

6  sometimes there's a lag between the button being pushed

7  and the delivery.  But people can also withdraw.  If

8  somebody, you know, had pushed that they want to hit send

9  yesterday but the delivery isn't scheduled to defendant,

10  you know, 32 or data broker -- I'm sorry, data broker 32

11  by next Tuesday, that individual can go in and pull that

12  back.

13         And so what we've said to the defense counsel is

14  that we as counsel have said we'll use our best efforts to

15  get you a list as soon as possible.  But until the email

16  is delivered from the covered person to the data broker,

17  there's no notice and we can't put that name and that

18  information on the list.

19         THE COURT:  Okay.  And do you get that

20  information simultaneously to the police officer pushing

21  the button?  I mean, how do you know that the police

22  officer X in Newark has pushed the button and how many

23  buttons has he pushed?  How many defendants are we talking

24  about and has he pushed the button for home address as

25  opposed to unlisted phone number?

1          MR. PARIKH:  That's a great question, Judge.

2     There's lots of permeations, obviously, for how this could

3     work.  But I'm not a hundred percent sure of what the

4     answer to the question is.

5          But what I do know is that once a message is sent

6     and delivered, then Atlas has the ability to generate a

7     list.  And that's the way which Atlas generated the list

8     that we produced previously.

9          THE COURT:  And you would be able to generate who

10    the individual is, whether the individual has requested

11    just the address or the address from an unlisted phone

12    number, and the defendants, I'll call them, to whom the

13    notice was sent.  Whether the officer sent it to 40 or 75

14    or just to two.

15          MR. PARIKH:  We were even going to do better than

16    that, Judge.  We were going to provide each defendant and

17    each lawyer -- right, each defendant a curated list just

18    for that party so that they don't have to go parse through

19    it.

20          So CARCO, which is one of the entities that

21    Mr. Stio represents, there would be a CARCO list that's

22    provided that says here are the individuals that

23    notices -- that sent notices which notices were delivered

24    to your client and this is the piece of personal

25    information that they wish to have redacted, whether home

 1    address or phone number, and we would provide that list to

 2    them as soon as we could.

 3            THE COURT:  Okay.

 4            MR. PARIKH:  These -- you know, part of this,

 5    Judge, is not that the deliveries happen all

 6    instantaneously.  They could happen over time.  So you

 7    wouldn't request --

 8            THE COURT:  So you wouldn't be delivering a total

 9    list because the officer may do it on different days,

10    different times.  They're not all doing it on October 15th

11    at          10:00 a.m. --

12            MR. PARIKH:  Yeah.  So I think --

13            THE COURT:  -- for example.

14            MR. PARIKH:  That's right.  And so I think

15    there's lots of technical details, some of which go well

16    above my head in terms of email and email deliverability.

17    You know, there's metering and other things about there's

18    only this amount of emails that can be sent, otherwise

19    they get flagged and other things like that.

20            So I'm assuming that it happens in chunks, and

21    that's what occurred previously and that's what's outlined

22    in the complaint.  But the idea here is that over a

23    few-day period there will be notices delivered to data

24    broker number one and then perhaps that same day or the

25    next day, data broker number two.

1             THE COURT:  Right.

2             MR. PARIKH:  And then as soon as we're able to,

3    the list will be generated and our intention was to

4    produce it to counsel in the same way that we've done --

5             THE COURT:  I think I understand that.

6             Now let me turn to Rule 408 of the rules of

7    evidence.  They, according to Mr. Stio, will keep the

8    information confidential.  They're not going to go out and

9    sell it because you compiled it nicely for them.  And so I

10   understand that, to keep it confidential.

11            But the fact -- where does the Rule of Evidence

12   408 come into the picture?  That really deals with offers

13   of settlement, doesn't it?

14            MR. PARIKH:  It kind of does.  I'll -- if it's

15   okay with Your Honor, I'll run through the four real

16   issues.

17            So one is confidentiality, which every defendant

18   has agreed to, and their counsel have.

19            The second is we want a representation the list

20   is only going to be used for compliance.

21            THE COURT:  They've agreed with that obviously.

22            MR. PARIKH:  Correct, they've all agreed with

23   that.

24            They asked us to say, hey, we're not waiving any

25   defenses, claims.  We said we all agree that no party to

1   the litigation and no individual person, no covered person

2   out there who has their own rights and no defendant is

3   waiving any rights, any claims, any defenses, et cetera.

4           THE COURT:  All those.

5           MR. PARIKH:  So I think we're squared away on all

6   those.

7           On the 408 issue, there's been times before Your

8   Honor and in discussions with counsel that they raised the

9   issue of -- and even just on Tuesday, that this was a

10  litigation plan, it was a mass delivery of emails over

11  Christmas and, you know, a list would have been an easier

12  way.

13          We don't want the fact that we're offering a

14  professional courtesy here to be used against Atlas or any

15  of the assignors in their claims in these litigations to

16  be used against them, you know, as the cases proceed.  And

17  so that was our purpose.

18          THE COURT:  Well, they could still --

19          MR. PARIKH:  It's not the list itself, Your

20  Honor.  It's the idea of being able to provide a list and

21  the communications about engaging in this courtesy

22  process.

23          THE COURT:  Right.  But putting aside the list,

24  they would still have that argument if the individual

25  plaintiffs -- I'll call them plaintiffs -- individual

1    covered persons send in notices all mass.  Maybe not

2    coordinated necessarily, but you advise them get it in

3    sooner rather than later and everybody, thousands are

4    doing it over a day or two.

5         MR. PARIKH:  That's right.

6         THE COURT:  Which may be what happened already, I

7    don't know.  I don't want to pass judgement on that.

8         So they would be able to make that argument.

9    Whether it's a valid argument or not, I'm not going to say

10    at this point.  I don't know.  They still would be able to

11    make the argument even without the list.

12         MR. PARIKH:  They may, Your Honor, but the

13    generation of the list during a compliance period is not

14    something that has occurred in the facts of any case

15    because we were never in litigation.  Right?  The notices

16    of the initial group who have assigned their claims to

17    Atlas that are part of the lawsuit, those notices were

18    sent, delivered, there was non-compliance.  And then not

19    on the 11th day, but on the 30th day lawsuits were filed.

20         THE COURT:  So what you're saying is you don't

21    want them to use your courtesy, so to speak, to argue that

22    there was some mass dumping.

23         MR. PARIKH:  That's right.  Well, that, Judge,

24    and the fact that --

25         THE COURT:  That would not prevent them -- in

1  other words, let's just say you gave them a list and it

2  had officer X from Newark that we're talking about who

3  was -- but it turns out officer X didn't seek deletion.

4  It seems to me they would still be able to use that valid

5  use of it.  That's quite different from saying there was a

6  mass dumping just to jam the computer system at these data

7  brokers, who the ten days would run and, therefore, you

8  could collect your thousand dollars per client.

9        MR. PARIKH:  That's right, Judge.  I think

10 that -- you know, again, I believe the vast majority of

11 these notices that we're talking about that are going to

12 be delivered are new people that have never made requests.

13 They're not assignors --

14       THE COURT:  So they would be new lawsuits if it

15 comes to that.

16       MR. PARIKH:  That's right.  And so the idea

17 here -- and Your Honor hit the nail on the head -- is that

18 we've offered a professional courtesy.  As I said in the

19 beginning, no good deed goes unpunished.  There was

20 no obligation.  We could have just -- Atlas could have

21 delivered these additional notices.  And they will

22 continue to do that because more and more people continue

23 to sign up.

24       I think the idea here was that because we are in

25 litigation and because counsel have all professed that

 1   their clients want to comply with the law, that we try to

 2   at least facilitate some manner in making it easier for

 3   them under these circumstances.

 4         THE COURT:  Well, Mr. Stio, that seems to make

 5   sense if they ask you to agree -- and I don't know that

 6   it's under 408 particularly, but just agree that you would

 7   not use the production of the spreadsheet to make an

 8   argument that there was a mass dumping of names so as to

 9   jam your system up.

10         You could still make the argument with respect to

11   all the individual names that are coming in and you could

12   say that was coordinated, but without using the fact of

13   the spreadsheet.

14         MR. STIO:  Your Honor, I think just a couple

15   points.  One, the issue was not to use the spreadsheet to

16   show mass dump.  We would rely on the emails.

17         THE COURT:  Right.

18         MR. STIO:  But I just want to make a couple of

19   things.  If this was about compliance, they would have

20   produced the notice simultaneously with.  Or we offered a

21   solution.  We said, great, you don't have to produce

22   the -- and they're under no obligation to produce the

23   list.

24         THE COURT:  Yes, that's the point.

25         MR. STIO:  But if it's about compliance and we

1  want to get to, you know, what purported is compliance,

2  you, Atlas, agree that the ten-day period doesn't begin to

3  run until you produce the list.  That would solve their

4  issue with we can't get the list done, which I don't

5  believe is credible, with our issue of if you really want

6  to make this about compliance, under confidentiality, just

7  agree to the tolling of the ten-day period.  They would

8  not do that.

9          Two, their statement that the covered person hit

10 send is not credible.  Your Honor, they told us two weeks

11 ago Wave 2 is coming.

12         From Wave 1 we know the following:  All of these

13 emails were sent within a day and most of them were sent

14 simultaneously.

15         THE COURT:  Well, have you gotten the second wave

16 already or --

17         MR. STIO:  We have not, no.

18         THE COURT:  So they haven't been sent, as far as

19 you know?

20         MR. STIO:  Correct.

21         Two, if individuals were hitting send, they

22 wouldn't come in mass barrage that overwhelms system.

23 They would have come individually over a couple days.  I

24 can't even get 71 defendants to email me simultaneously.

25 I don't know how they're doing it with 19,000 police

1    officers.  It doesn't make sense.

2           But the solution here is the following I think,

3    Your Honor, if they will agree to the tolling, provide us

4    with a list, and those defendants that want to agree to

5    the conditions, confidentiality and not to use it except

6    for the purpose of saying based on this list you're doing

7    this in mass, and they reserve their other rights --

8           THE COURT:  Well, how could they agree to toll

9    the time?  I mean, they represent Atlas.

10          MR. STIO:  Correct.

11          THE COURT:  And if they're assignments, they're,

12   of course, the assignee --

13          MR. STIO:  All they need to do is agree as to

14   Atlas.

15          THE COURT:  Well, now, wait a minute.  Atlas

16   affects the right because Atlas -- the assignment provides

17   that Atlas is getting 35 percent of the recovery and the,

18   I'll call it, police officer is getting 65 percent.  So

19   they're affecting the rights of the assignor too.  I mean,

20   it's -- because the assignor retains certain interest.

21          It's not the contract assignment where I give up

22   all my rights as the assignor to the assignee because the

23   assignees pay me a certain amount of money for the claim.

24   So this is a bit of a hybrid situation and I know that may

25   become an issue in the remand issue which is coming up for

1    argument in a couple weeks.

2            MR. STIO:  Correct, it's a major issue.

3            THE COURT:  Yes, absolutely.

4            So I don't think it's quite that simple, is it,

5    that they could waive the right -- I mean, I don't know

6    whether they can waive the right.  That's a very

7    complicated issue, Mr. Stio.

8            MR. STIO:  All they're doing is agreeing on

9    behalf of Atlas, no one else.

10           THE COURT:  Yeah, but -- so that means what with

11   respect -- I may be getting in the weeds too much.  What

12   would that mean with respect to the assignment?

13           That they couldn't collect their 35 percent and

14   the individual officer could collect his 65 percent?  How

15   would that all work?  What would they -- what do you mean

16   they would -- the tolling as to Atlas as opposed to the

17   police officer because it affects both.

18           MR. STIO:  It does.

19           THE COURT:  Well, then I don't know -- I'm sure

20   Atlas could waive it -- in other words, I don't see that

21   as a practical solution today because I don't know what

22   rights would be affected.  And then they toll it and then

23   during that time period someone gets the name of the --

24   the address of the police officer and the police officer

25   is shot.

```
 1            MR. STIO:  I understand your concern, Your Honor.

 2            THE COURT:  A liability could arise because of

 3   that.

 4            MR. STIO:  I understand your concern, Your Honor.

 5            THE COURT:  So I mean, I think that's -- it

 6   sounds simple on the surface, but it's a lot more

 7   complicated.  So I don't think that's a practical solution

 8   at this point.

 9            MR. STIO:  Understood.

10            THE COURT:  But what about, as Mr. Parikh says,

11   agreeing not to use the list as an argument that there has

12   been a mass dumping of names on the defendants, to the

13   extent that would be relevant as a defense, as opposed to

14   19,000 people engaging in a mass dumping?

15            MR. STIO:  Your Honor --

16            THE COURT:  And maybe Atlas was complicit in

17   that, I don't know, but you just wouldn't be able to use

18   the production of the spreadsheet.  You could still

19   argue -- and if you have evidence that Atlas conspired

20   with the police unions and all the rest of it, to dump

21   this on your clients, worst case scenario, just to jam the

22   system so they collect money, but that's not the issue

23   here.

24            MR. STIO:  Your Honor, I understand what you're

25   saying.  I don't think that would be an issue, but I could
```

```
1    tell you the defendants don't want this list if they're
2    not going to give it in a time frame that they can use it.
3            THE COURT:  Well, if you don't want it, that's
4    fine.  You don't have to take it.  The statute says
5    certain things.  They're going beyond what the statute
6    requires.  They're offering it to you.  It seems to me
7    it's appropriate to maintain confidentiality; it seems
8    appropriate, if they're giving it to you out of the
9    goodness of their heart, so to speak, to agree that you
10   will not use the spreadsheet themselves as a defense or an
11   argument that they engaged in mass dumping to jam the
12   system.
13           You could still argue that they conspired with
14   the police officers to do it, but you just couldn't use
15   the spreadsheet.  It seems reasonable to me.
16           MR. STIO:  Your Honor, I --
17           THE COURT:  Again, I don't even have any
18   authority to order it.  I'm just expressing my views.  I
19   mean, listening to what was said, maybe it will facilitate
20   a resolution to this issue.
21           MR. STIO:  To try to achieve a resolution, what I
22   can say is that if they want to make it available to
23   defendants who request it from them, there may be
24   defendants that say, yeah, I would like to see the
25   spreadsheet.
```

```
1              THE COURT:  Sure.  And if others don't, that's
2     fine too.
3              MR. STIO:  That's fine.  But it would be under a
4     waiver, but I understand where the Court is going.
5              THE COURT:  As I say, confidentiality, which
6     makes perfect sense, but I can understand their concern.
7     I don't think it has anything to do with Rule 408, but
8     just as a matter of agreement that you would not use the
9     production of the spreadsheet, which they don't have to
10    produce, to throw it back in their face in some way.
11             MR. STIO:  But we would be able to rely on the
12    emails.
13             THE COURT:  Say if, for example, if the
14    spreadsheet, as you say, has a name on it that shouldn't
15    be on the list and you rely on it -- now, I don't know
16    what representation they would give you.  They might say,
17    look, we're not guaranteeing the accuracy.  This is the
18    best we could do, we hope it helps you, but we're not
19    guaranteeing the accuracy of it, but it may help you
20    rather than waiting for the individual police officers in
21    Newark and Camden and wherever else, Trenton, to push the
22    button.  And again, I'm not saying that's how it's done.
23             MR. STIO:  No, I understand.  Is there going to
24    be any time frame like within a ten-day business period?
25    I mean, I would think as a data broker company --
```

1          THE COURT:  It's going to be -- I guess it's

2     going to be moot if you don't get it promptly.  I mean,

3     it's not going to be helpful.

4          MR. STIO:  Right.

5          THE COURT:  So if you don't get it, you're going

6     to have to rely on the notices, which you were relying on

7     before.  So it's -- there's no guarantees about it.

8          It's just they say if you don't want it, if it

9     won't be helpful, if it will be a distraction for the

10    defendants, either don't get it; or if you get it, don't

11    use it.

12         I just don't see the tolling of the time period.

13    That gets very complicated in this kind of a case.  Having

14    it afterwards, I don't know that that helps you because

15    the statute doesn't have a time frame.

16         It doesn't say there's a certain penalty for each

17    day that -- in other words, if you don't do it within ten

18    days, as I understand the statute, you're on the hook for

19    damages.

20         It doesn't say, you know, for each additional day

21    you're liable for an additional hundred dollars.  I mean,

22    at least not in liquidated damages.  Maybe there's actual

23    damages as a result of that.  If, in fact, someone is

24    injured -- I don't know.

25         There's all kinds of -- because it does say

1  actual damages, so I guess theoretically if someone is

2  injured for failure to timely redact the home address and

3  someone got the address from your data broker 13 days out

4  when it should have been redacted after ten and something

5  unfortunate happens, then there may be a claim for actual

6  damages, which would be much more significant.

7        But I think that's about as far as we could go

8  today.  I think I've tried to give you my thoughts on it

9  and you can take it from there.

10        MR. PARIKH:  Your Honor, if I could just

11  clarify --

12        THE COURT:  Yeah.

13        MR. PARIKH:  -- just one or two quick things.

14  And I appreciate Your Honor's time.  I feel bad hogging

15  today from Mr. Shaw, who flew down here from Albany just

16  to be here with us.

17        THE COURT:  Thank you for coming.

18        (Laughter.)

19        MR. PARIKH:  Your Honor's right that our goal

20  here is facilitating compliance and privacy, right, and

21  that's what we've been saying from day one.  None of these

22  new individuals have claims, therefore, they have not

23  assigned their claims to Atlas.

24        Atlas doesn't have control over whether they want

25  to go find their own lawyer and file a lawsuit.  Atlas's

1  business is to help facilitate compliance, privacy, and

2  safety by delivering these notices.

3        And so when we talk about tolling, and I think

4  Your Honor is correct, it's not really about the

5  assignment.  The assignment -- there is no assignment

6  because there's no claim.  There's no claim to be assigned

7  for these people because they have not even -- no notice

8  has been sent or delivered to any of the defendants.

9        THE COURT:  Let me -- does the assignment take

10  place only after there's failure to comply?

11        MR. PARIKH:  Yes.

12        THE COURT:  Okay.  It's not early on in the game?

13        MR. PARIKH:  Right.

14        So the process, Your Honor, is the -- and the

15  defendants know this because they went into these issues

16  during the 30(b)(6) deposition related to the remand

17  motion.

18        But, you know, a person signs up for the Atlas

19  service, they enter all their information, they decide

20  which data brokers they want to send takedown notices to.

21  Those notice -- they click a button.  Let's assume they

22  send to everybody, they click a button.  The system then

23  processes those requests and delivers them.

24        There is sometimes a delay.  It is not an

25  instantaneous that when the person hits send, as Mr. Stio

1  talks about, that they're instantly delivered.  It could

2  be delayed for days or weeks or longer and there's

3  processing and all other technical things that go into

4  that that I'm sure the defendants are going to love to get

5  into during merits discovery.

6          Once that notice has been delivered, then we view

7  that as, for the covered person, the ten business day

8  period starts.

9          THE COURT:  Right.

10         MR. PARIKH:  Here, with the vast majority --

11  there's not a single lawsuit that Atlas filed that has the

12  assignor on day 11.  And that's because then after the

13  ten-day period passes and there's non-compliance, only

14  after that is there a claim under Daniel's Law and only

15  after that does Atlas then provide an assignment

16  confirmation to that police officer in Newark to say

17  you've now -- you've assigned your claim to  Atlas and

18  Atlas is going to pursue having this information removed.

19         THE COURT:  And I assume it is Atlas that checks

20  the records of the data broker or defendants after the

21  expiration of the ten-day period?

22         MR. PARIKH:  That's correct.

23         THE COURT:  It isn't the individual police

24  officers going and checking all 75 defendants to see

25  whether or not that information is still available?

```
 1            MR. PARIKH:  Well, so -- I think it's -- I think
 2   some covered people, Your Honor, do.  I mean, there are --
 3            THE COURT:  Sure.
 4            MR. PARIKH:  -- people who have contacted Atlas
 5   and said why is my information still up on data broker
 6   website ABC.  This is even after litigations are filed.
 7            You know, even just a couple weeks ago we were
 8   dealing with --
 9            MR. STIO:  Your Honor, can I say just one thing?
10            THE COURT:  What?
11            MR. STIO:  We asked questions about this.
12   Their corporate designee refused to testify under
13   attorney-client privilege.  And for Mr. Parikh to get up
14   here and talk about receiving phone calls related to these
15   claims from covered persons when their corporate designee
16   said I can't testify, it's attorney-client privilege, it
17   is improper.
18            MR. PARIKH:  That's totally not accurate, Judge.
19   What I'm saying is --
20            THE COURT:  I don't want to get into that.
21   That's far beyond what we're here for today.
22            MR. PARIKH:  It is.
23            THE COURT:  My purpose -- there is no motion.
24   These additional claims have not been filed.  You have my
25   thoughts on the subject.  I hope it will help you move
```

1    forward.

2         I don't think there's anything further for me to

3    do unless somebody files a motion, and I don't think that

4    would be necessary because it's sort of a gratuitous offer

5    here with conditions.

6         And I think the conditions make sense except, as

7    I've discussed, were the terms of the spreadsheet, that it

8    wouldn't mean that you could never use it for any purpose

9    except you cannot use it for arguing that there was a mass

10   dumping.  And I think you can work that out among

11   yourselves.  That's just sort of a broad outline.

12        MR. PARIKH:  Yes.  There are defendants, Your

13   Honor, who have said that they don't want the list, and

14   that's not a problem.

15        And others --

16        THE COURT:  Well, that's fine.

17        MR. PARIKH:  -- who said they would and so we're

18   happy to work --

19        THE COURT:  I'm not trying to create a problem

20   where there isn't one.

21        MR. PARIKH:  Agreed.

22        THE COURT:  All right.  Thank you very much for

23   coming.

24        MR. STIO:  Thank you.  Thank you for your time,

25   Your Honor.

1          MR. PARIKH:  Thank you.

2          THE COURTROOM DEPUTY:  All rise.

3          (Matter adjourned at 2:17 p.m.)

4          - - - - - - - - - - - - - - - -

5

6          I certify that the foregoing is a correct

7    transcript from the record of proceedings in the

8    above-entitled matter.

9

10   */S/ Sharon Ricci, RMR, CRR*
     *Official Court Reporter*

11

12   *October 3, 2024*
           *Date*

13

14

15

16

17

18

19

20

21

22

23

24

25